UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEXANDER PAGE,

                Plaintiff,

    v.

CURTIS WRIGHT, *et al.*,

                Defendants.

Case No. C08-5215 BHS/KLS

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

      This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. Before the Court for review are Plaintiff's motion to amend (Dkt. # 15) and proposed "amended consolidated" civil rights complaint in which he purports to consolidate this action with his civil rights complaint filed in Case No. C08-5257BHS. (Dkt. # 16). The court finds that Plaintiff shall be granted leave to amend to plead the causes of action he originally purported to bring in Case No. C08-5257BHS. The court will further order that Case No. 08-5257BHS shall be administratively closed based on Plaintiff's representation that he no longer wishes to pursue that case. (As Plaintiff never paid the filing fee or submitted a completed *in forma pauperis* application in Case No. 08-5257BHS, there is no ongoing case to "consolidate" with this action.).

      However, the "amended consolidated complaint" filed by Plaintiff suffers from a number of deficiencies. The court will not order service of this proposed complaint. However, before

ORDER
Page - 1

recommending that the complaint be dismissed for failure to state a claim, Plaintiff will be granted leave to attempt to cure these deficiencies by filing an amended complaint.

## I.  DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

In his proposed "amended consolidated complaint," plaintiff seeks monetary damages for "each of the 113 days he spent unlawfully incarcerated in the Pierce County Jail;" he seeks actual damages for his used car that was "repossessed due to false arrest," and he seeks damages for emotional distress. (Dkt. # 16, p. 3). In addition, Plaintiff claims that he was denied access to the courts and claims cruel and unusual punishment. (See, e.g., *Id*., p. 2).  Each of these purported claims is addressed separately.

**A.     Claims for Wrongful Incarceration**

Plaintiff seeks monetary damages for "each of the 113 days he spent unlawfully incarcerated in the Pierce County Jail." When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  *Id*.

ORDER
Page - 2

1    Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider
2 whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or
3 sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the
4 conviction or sentence has already been invalidated. *Id*. If the court concludes that the challenge would
5 necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be
6 brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023,
7 1024 (9th Cir.1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).

8    Plaintiff's allegations relating to his unlawful arrest, trial errors, prosecutorial misconduct, judicial
9 misconduct and ineffective assistance of counsel necessarily imply the invalidity of Plaintiff's judgment
10 or confinement and therefore, it appears his challenge must be brought as a petition for a writ of habeas
11 corpus and not as a complaint under § 1983. If Plaintiff wishes to challenge the conditions of his
12 confinement, he must set forth sufficient allegations to state a claim under § 1983. However, Plaintiff has
13 not shown that the conviction or sentence has been invalidated and therefore, is not entitled to recover
14 damages for such imprisonment under 42 U.S.C. § 1983[1].

**B.   Claim for Repossession of Automobile**

16   Plaintiff claims that he is entitled to actual damages in the sum of $6,995.00, the remaining unpaid
17 balance of his used car note ($14,900.00) that was repossessed when he was falsely arrested. (Dkt. # 16,
18 p. 3). However, Plaintiff provides no allegation in support of this claim. In addition, Plaintiff is advised
19 if there are available post-deprivation state remedies, that is all the process that is due. *See Hudson v.*
20 *Palmer*, 468 U.S. 517, 533 (1983); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1982), *overruled in part on*
21 *other grounds, Daniels v. Williams*, 474, U.S. 327 (1986). "[T]he availability of a tort suit, for
22 defendants' random, unanticipated acts," satisfies the due process clause. *Blaylock v. Schwinden*, 856
23 F.2d 107, 110 (9th Cir. 1988), *superseded by* 862 F.2d 1352 (1988).

---

[1] It appears Plaintiff's current incarceration is unrelated to his claims of false arrest on January 25, 2008. The court is aware that Plaintiff alleges he was released on May 14, 2008 from the Pierce County Jail after entering an Alford Plea for Failure to Register as a Sex Offender. (Case No. C08-5381FDB, Dkt. # 1-2, p. 7). Plaintiff is currently incarcerated in the Snohomish County Jail. (Dkt. # 14 herein). The reason for Plaintiff's current incarceration is unknown.

ORDER
Page - 3

Washington law provides a remedy for the return of property for persons aggrieved by an unlawful search and seizure.  *See,* CrR 2.3(e):

> Motion for Return of Property.  A person aggrieved by an unlawful search and seizure may move the court for the return of the property on the ground that the property was illegally seized and that the person is lawfully entitled to possession thereof.  If the motion is granted the property shall be returned.  If a motion for return of property is made or comes on for hearing after an indictment or information is filed in the court in which the motion is pending, it shall be treated as a motion to suppress.

Thus, to properly state a claim of denial of due process in the repossession of his automobile, Plaintiff must properly set forth factual allegations describing the circumstances surrounding the repossession of his property, his attempts to regain possession, denial of his attempts, and the absence of any state post-deprivation processes.

**C.    No Claim of Physical Injury - Claims Must be Dismissed**

Pursuant to 42 U.S.C. § 1997e(e) of the Prison Litigation Reform Act (PLRA), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002).  Plaintiff seeks damages for emotional distress (Dkt. # 16, p. 3), but makes no allegation that he has suffered any physical injury.  Therefore, he must file an amended complaint which contains facts that meet the requirement of showing a physical injury which supports his claim for mental or emotional injury.

**D.    Access to Courts**

Plaintiff claims that Defendant Jackson violated his constitutional rights by "depriving him his right to redress the Superior Court and United States District Courts." (Dkt. # 16, pp. 16-20).  Plaintiff is advised that the touchstone of an access to courts claim is whether the access to courts program provides inmates with "meaningful access to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).   Before an inmate can bring a lawsuit for an access to courts violation, the inmate must have standing. In *Lewis*, the Supreme Court held that to have standing to bring an access to courts claim, an inmate must allege both that he was denied access to legal materials or advice and that this denial harmed his ability to pursue non-frivolous legal action, that is, the inmate must show actual injury. To show actual injury the inmate must, for example, show that because of the inadequate library facilities or because of the prison regulations governing access and use of the library facilities, the inmate was unable to file a complaint or

ORDER
Page - 4

that the inmate lost a case because the inmate could not timely file critical pleadings. *Id*. at 351.

Demonstration of actual injury does not automatically result in a right of access violation. *Lewis*, 518 U.S. at 353. A prison regulation impinging on a inmate's constitutional rights, even a right of access to courts, is valid if it is reasonably related to legitimate penological interests. *Id*. In addition, a showing of an inability to file a particular pleading is insufficient to establish a violation of access to the courts. The litigation must actually be damaged. *Lewis v. Casey, supra*.

Therefore, Plaintiff must provide factual allegations of how he was denied access and how that denial harmed his ability to pursue non-frivolous legal action.

**D.     Retaliation**

To the extent Plaintiff seeks to state a claim of retaliation, he is advised that a claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *See, e.g., Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994). This requires only a demonstration that defendants "*intended* to interfere with [Plaintiff's] First Amendment rights." *Mendocino Env'l Ctr.*, 14 F.3d at 464 (emphasis added).

Thus, Plaintiff must allege factual allegations to support his claim that he was engaged in protected First Amendment activity, including factual allegations of what adverse action the defendant or defendants engaged in that deterred or chilled Plaintiff's exercise of his First Amendment rights.

**E.     Cruel and Unusual Punishment**

Finally, Plaintiff claims that he was subjected to cruel and unusual punishment. Plaintiff is advised that it is only "'the unnecessary and wanton infliction of pain' . . . [which] constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986), *citing Ingram v. Wright*, 430 U.S. 651 (1977). "[T]he question of whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Whitley*, 475 U.S. at 320-321.

ORDER
Page - 5

Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley*; whether the force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1 (1992). There is no need for a showing of a serious injury as a result of the force, but the lack of such an injury is relevant to the inquiry. *See Hudson*, 503 U.S. at 7-9. Because the use of force relates to the prison official's legitimate interest in maintaining security and order, the court must be deferential when reviewing the necessity of using force. *See Whitley*, 475 U.S. at 321-22.

Therefore, Plaintiff should allege facts discussing the circumstances constituting the unnecessary and wanton infliction of harm by the defendant(s) which resulted in his alleged injury or injuries.

Accordingly, it is **ORDERED**:

1. Plaintiff shall file an amended complaint, entitled "Amended Complaint," on or before **August 1, 2008**, alleging facts showing how individually named defendant or defendants caused or personally participated in depriving him of a constitutional right, specifically curing the deficiencies, if possible, in the manner set forth by the court above. The Amended Complaint will act as a complete substitute for all previously filed complaints in this action. To aid Plaintiff, the Clerk shall send Plaintiff a 1983 civil rights complaint for prisoners; and

2. Plaintiff is further directed to provide the Court with service copies of the Amended Complaint and completed service forms for each named defendant so that the U.S. Marshal may attempt service by mail upon the named defendants. These documents must be returned to the Court on or before **August 1, 2008**, or the Court will recommend dismissal of this action for failure to prosecute.

DATED this 30th day of June, 2008.

Karen L. Strombom
United States Magistrate Judge